**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                    No. 02-4555

CLIFFORD WIGGS, a/k/a Wiz,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Sol Blatt, Jr., Senior District Judge.
(CR-95-194)

Submitted: April 25, 2003

Decided: June 2, 2003

Before WILKINS, Chief Judge, and KING and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael S. Seekings, MULLEN, WYLIE & SEEKINGS, Charleston,
South Carolina, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, Robert H. Bickerton, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Clifford Wiggs was convicted in 1996 of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000); conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2003); and money laundering, in violation of 18 U.S.C. § 1956(a) (2000). The applicable guideline range was calculated to be 360 months to life imprisonment. However, in view of Wiggs's prior drug convictions and the quantity of drugs attributable to him, the district court concluded that the drug count carried a statutorily-required life sentence. The court imposed concurrent 240-month sentences for the remaining counts.

On appeal, this court determined that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it was plain error for the court to sentence Wiggs to a life sentence under 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2003). We remanded for resentencing.

On remand, the district court sentenced Wiggs to 360 months on the drug conspiracy charge and 240 months on each money laundering count. The 240-month sentences run concurrent with each other and consecutive to the 360 month sentence.* Wiggs appeals, alleging that the sentence is disproportionate to the crimes.

This court does not review a sentence imposed within a properly calculated guideline range. 18 U.S.C. § 3742(a) (2000); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Wiggs does not challenge calculation of the guideline range; the district court sentence is well within that range. Therefore, "we cannot address appellant's

---

*The term of imprisonment is to be followed by concurrent supervised release terms of six, three, and three years.

challenge to the district court's exercise of sentencing discretion." *Porter*, 909 F.2d at 795.

We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*